UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNETH MOORE, JR., | No. CV 11-7616-CJC (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |
| R.W. CAPPEL, Associate Warden, | |
| Respondent. | |

Petitioner initiated this action on September 15, 2011, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in this Court.  The Petition challenges petitioner's 2005 state murder conviction in the Los Angeles County Superior Court.  (Petition at 2).  On April 28, 2008, petitioner filed an earlier habeas petition in this Court, Case No. CV 08-2752-CJC (PLA), in which petitioner challenged the same conviction.  The 2008 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on August 24, 2011.  (See Judgment in Case. No. CV 08-2752-CJC (PLA)).

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).  "A disposition is 'on the merits' if the district court either considers and rejects the claims or

determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2008 federal habeas challenge, petitioner raised 29 claims challenging his 2005 conviction. (See Report and Recommendation, entered on July 28, 2011, Case No. CV 08-2752-CJC (PLA)).  As mentioned above, the action was dismissed on the merits with prejudice.  (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on August 24, 2011).  Petitioner's subsequent request for a certificate of appealability was denied by this Court on August 24, 2011.

In the instant Petition, petitioner again challenges his 2005 conviction, and asserts the following grounds for relief:  (1) petitioner's criminal charges resulted from discriminatory enforcement of the law; (2) petitioner was convicted of violating an unconstitutionally vague and overbroad statute; (3) ineffective assistance of appellate counsel; (4) the prosecutor made a misstatement of material fact; (5) the prosecutor made discriminatory use of the State's peremptory challenges; (6) petitioner was convicted based on false evidence; (7) petitioner's

conviction was based on less than proof beyond a reasonable doubt for each element of the charge(s); (8) petitioner was arbitrarily denied a state-created right generally applicable to criminal defendants; (9) petitioner's sentence was disproportionate to other sentences for the same conduct; (10) petitioner was unconstitutionally given multiple sentences for committing a single criminal act; (11) petitioner's sentence was unconstitutionally excessive because it exceeded the maximum sentence intended by the legislature; and (12) petitioner's conviction resulted from an error of constitutional dimension which was not shown to be harmless beyond a reasonable doubt. (Petition at 5-10).

As set forth above, a habeas petition is successive if it raises claims that *could have been* adjudicated on their merits in the prior petition. McNabb, 576 F.3d at 1029. Here, even if petitioner has raised different claims in the instant Petition than in his 2008 petition, these claims -- which all relate to events that took place during his trial -- could have been raised in his 2008 petition. Accordingly, given that the 2008 petition was adjudicated on the merits and dismissed with prejudice, the instant Petition is successive.

In any event, even if it were found that any or all of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not presented any documentation showing that he has filed in the Ninth Circuit the requisite motion and received the requisite authorization to file a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant Petition must be dismissed without prejudice. See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

1  IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

3  DATED: September 21, 2011

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

4